**ALD-245**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1372
_____

IN RE:  JULIE P. WHITCHURCH,
                                                             Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Civil No. 2:15-cv-00431)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 5, 2016

Before: AMBRO, SHWARTZ and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 9, 2016)
_____

OPINION*
_____

PER CURIAM

Petitioner Julie Whitchurch, proceeding pro se, has filed her second petition for

writ of mandamus, seeking the recusal of the District Judge presiding over the case.  For

the reasons set forth below, we will deny the petition for a writ of mandamus.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Whitchurch was a co-defendant in a civil action brought by her former employer Vizant Technologies, LLC ("Vizant"), and its chief executive officer, Joseph Bizzarro, in the United States District Court for the Eastern District of Pennsylvania before the Honorable Harvey Bartle III. In their complaint, the plaintiffs alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), breach of contract, misappropriation of trade secrets, defamation, tortious interference with existing and prospective contractual relationships, abuse of process, conversion, fraud, and civil conspiracy against Whitchurch and Jamie Davis, a fellow former employee of Vizant. After extensive litigation, Whitchurch and Davis filed a motion under 28 U.S.C. § 455 seeking the recusal of Judge Bartle. He denied the motion for recusal. Whitchurch and Davis then filed a petition for writ of mandamus, arguing that recusal was warranted under 28 U.S.C. § 455(a) and (b)(1) because the District Judge expressed extreme prejudice and bias against them and engaged in allegedly improper ex parte communications. We denied that petition, see In re Whitchurch, C.A. No. 16-1005, 2016 WL 211605 (3d Cir. Jan. 19, 2016) (per curiam), and Whitchurch's subsequent petition for en banc and panel rehearing.

While the first mandamus petition was pending before this Court, the District Court granted in part and denied in part the plaintiffs' motion for partial summary judgment; granted in part and denied in part Whitchurch and Davis's motion for summary judgment; issued a permanent injunction against Whitchurch and Davis; and required Whitchurch and Davis to show cause why they should not be held in contempt

2

for a violation of a District Court order. The District Court then scheduled trial to commence on March 2, 2016, on the sole remaining issue of damages.

On March 1, 2016, Whitchurch[1] filed her second petition for writ of mandamus.[2] Whitchurch once again seeks the recusal of Judge Bartle and incorporates by reference the arguments that we already rejected in denying her first mandamus petition in C.A. No. 16-1005.[3] At the time she filed this petition, the civil case was still pending against Whitchurch in the District Court. However, the record reflects that, subsequent to the filing of Whitchurch's second petition for writ of mandamus, the District Court entered judgment in favor of plaintiffs and against Whitchurch. Whitchurch's appeal of that judgment, as well as multiple additional orders of the District Court, is currently pending in this Court. See C.A. No. 16-1178.

Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). To obtain mandamus relief, a petitioner must show that "(1) no other

---

[1] Davis is not a party to the petition. The District Court granted the plaintiffs' motion to voluntarily dismiss the remaining claims against Davis pursuant to a settlement agreement between the plaintiffs and Davis.

[2] Included in her petition for a writ of mandamus was a motion to stay a March 1, 2016 settlement conference; a March 1, 2016 contempt hearing; and the March 2, 2016 trial for damages. We denied the motion to stay in an order entered on February 29, 2016.

[3] In this action, she also presents a "notice" for reconsideration of the arguments that she raised previously, and she seeks leave to file an exhibit in support of her notice.

adequate means exist to attain the relief [s]he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). A writ of mandamus should not issue where relief may be obtained through ordinary appeal. In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir. 1998).

We will deny the petition because Whitchurch has not shown a clear and indisputable right to relief, and she is not without alternative recourse. Essentially, Whitchurch seeks to challenge the orders against her through claims of fraud on the court and alleged improper actions by the District Judge, including demonstrations of purported bias and prejudice and ex parte communications. To the extent she relies on and incorporates by reference the arguments made in her first mandamus petition, we reject them for the reasons outlined in our opinion denying that petition. See In re Whitchurch, 2016 WL 211605, at *1-2. Furthermore, the District Court has entered a final appealable order, and Whitchurch is currently appealing 28 orders of the District Court, which involve rulings related to discovery, injunctive relief, summary judgment, and damages. See C.A. No. 16-1178. Whitchurch can present her argument for recusal, including her claims of fraud on the court, in that action.[4] Because her claims can be presented in her direct appeal, mandamus relief is not available. See In re Briscoe, 448 F.3d 201, 212-13 (3d Cir. 2006).

---

[4] We express no opinion on the merits of the District Court's rulings.

4

For the foregoing reasons, we will deny the petition for a writ of mandamus.

Whitchurch's "motion for leave to file Exhibit B" is granted.